UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBUR JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-cv-1721 (TSC) |
| ) | |
| D.C. METRO TRANSIT AUTHORITY ) *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

In a complaint filed on May 12, 2016, in the Superior Court of the District of Columbia, plaintiff Wilbur Johnson sued the Washington Metropolitan Area Transit Authority ("WMATA") and the "the Smithsonian Archives Museum" for negligence. He alleges that on May 10, 2013, while a passenger on a city bus, he was injured when the bus "was hit from the rear" by a "Smithsonian Archives" van. (Compl., ECF No. 1-1). He demands $325,000 in damages. (Compl. at 1).

On August 18, 2016, D.C. Superior Court dismissed the complaint against WMATA as time-barred. (*See* Order, ECF No. 4-2). Shortly thereafter, on August 24, 2016, the Smithsonian Institution removed the case to this court pursuant to 28 U.S.C. § 1442 (a)(1).[1] (*See* Not. of Removal, ECF No. 1). The Smithsonian now moves to

---

[1]   As applicable here, section 1442 of Title 28 of the United States Code authorizes the removal of a civil action "commenced in a State court . . . that is against . . . [t]he United States or any agency thereof [.]"  The Smithsonian Institution is "an independent establishment of the United States, within the 'federal agency' definition." *Expeditions Unlimited Aquatic Enterprises, Inc. v.*

dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Mot. to Dismiss, ECF No. 4).  Upon consideration of Defendant's motion and Reply (ECF No. 8), and Plaintiff's opposition (ECF Nos. 6, 7, 9), the court agrees that it lacks subject matter jurisdiction.  Accordingly, this case will be dismissed for the reasons explained more fully below.

## I. LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case."  *Gonzalez v. Thaler*, –– U.S. ––, 132 S. Ct. 641, 648 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).  Consequently, before proceeding to the merits of a claim, a court must satisfy itself that it has subject matter jurisdiction over the claim.  *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

---

*Smithsonian Inst.*, 566 F.2d 289, 296 (D.C. Cir. 1977) (citations and internal quotation marks omitted).

## II. ANALYSIS

Defendant offers two jurisdictional grounds for dismissal: (1) the doctrine of derivative jurisdiction (Def.'s Mem. at 5-6) and (2) Plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") (*Id*. at 6-7).  Each suffices to deprive this court of subject matter jurisdiction.

### A.  Derivative Jurisdiction

Long ago, the Supreme Court observed that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  Congress has since eliminated derivative jurisdiction as a barrier to actions removed under 28 U.S.C. § 1441, *see id*. § 1441(f), but § 1442, under which this case was removed, has no parallel provision. "Accordingly, Federal courts in this District, and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442." *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (citing cases); *see Lopez v. Sentrillon Corp*., 749 F.3d 347, 351 (5th Cir. 2014) (joining the seventh and fourth circuit courts of appeals in concluding "that, 'for whatever reasons [,] Congress intended to keep the [derivative jurisdiction] doctrine in place' for removals other than those under § 1441") (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) (alterations in original)).

In a removed case such as this, a federal court's jurisdiction must " 'mirror the jurisdiction that the state court had over the action prior to removal.' " *Merkulov*, 75 F. Supp. 3d at 129 (quoting *Palmer v. City Nat. Bank of West Virginia*, 498 F.3d 236, 239

3

(4th Cir. 2007)).  Consequently, "[i]f a State court lacks subject matter jurisdiction over a suit, the Federal court likewise lacks jurisdiction over the suit upon removal, even if the Federal court would have maintained jurisdiction 'in a like suit originally brought there. . . .'"  *Id.* (quoting *Lambert Run Coal Co.*, 258 U.S. at 382).  A threshold question for determining derivative jurisdiction "'is whether, prior to removal, the Superior Court . . . had jurisdiction of the subject matter or of the parties.'"  *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014) (quoting *McKoy-Shields v. First Washington Realty, Inc.*, No. 11-cv-01419, 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012)).

Defendant argues correctly that Plaintiff's negligence action against the Smithsonian "is subject to the FTCA, which grants 'exclusive jurisdiction' to the United States district courts over civil actions brought against the United States for monetary damages."  (Def.'s Mem. at 6, ECF No. 4-1); *see Lopez*, 749 F.3d at 351 ("The United States has waived its sovereign immunity to tort liability only under the FTCA[.]") (citing 28 U.S.C. § 1346(b)(1)).  Section 1346(b)(1) authorizes a lawsuit against the United States for money damages arising from "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  Because Congress has not consented to the United States being sued in state court for negligence, the Superior Court never acquired jurisdiction over either the subject matter or the Smithsonian as a United States agency.  *See Merkulov*, 75 F. Supp. 3d at 130-31.  As a result, this court "acquires none."  *Lambert Run Coal Co.*, 258 U.S. at 382.

**B. Exhaustion of Administrative Remedies**

Even if Plaintiff had initially filed the case here, the court still would be without jurisdiction. As indicated above, the FTCA is the exclusive basis for Plaintiff's negligence claim against the Smithsonian. Before filing a lawsuit under the FTCA, a plaintiff must exhaust his administrative remedies by presenting the claim "first . . . to the appropriate Federal agency" and obtaining a final written denial. 28 U.S.C. § 2675(a). If the agency fails to issue a final decision within six months after the claim is submitted, such inaction may "be deemed a final denial of the claim[.]" *Id.* The FTCA's presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F. 3d 366, 371 (D.C. Cir. 2007); *see Atherton v. United States*, 193 F. Supp. 3d 2, 4 (D.D.C. 2016) (noting that "since 'compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court,' subject-matter jurisdiction would not exist in an FTCA suit filed prematurely") (quoting *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011)).

The Smithsonian has "no record" that Plaintiff "filed a claim for injury or damages under the FTCA[.]" (Decl. of Jessica Lauritzen, ECF No. 4-4). The attachments to the Complaint include a completed claim form containing a printed P.O. Box address for claims directed to the Smithsonian Institution. But the form is not dated and there is no indication that it was properly addressed and delivered. (*See* ECF No. 1-1, p. 3). Most importantly, nowhere in Plaintiff's opposition has he addressed, let alone refuted, Defendant's argument that his claim is unexhausted. Therefore, the court finds that it lacks "subject matter jurisdiction, or if not jurisdiction, the functional

5

equivalent of it" to entertain the FTCA claim. *Simpkins*, 108 F. 3d at 371. And "in this posture, the court could no more rule in favor of the government than against it," *id*., on the non-jurisdictional ground that the claim is barred by the FTCA's statute of limitations (Def.'s Mem. at 7). *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) (holding "that the FTCA's time bars are nonjurisdictional and subject to equitable tolling").

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss for want of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date:  March 9, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge